UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

EFREM WALKER, Individually, :
:
       Plaintiff, :
:
vs. : Case No.
:
WHITE CASTLE MICHIGAN, LLC, :
a Michigan Limited Liability Company, and :
WHITE CASTLE SYSTEM, INC., a :
Delaware Corporation, :
:
       Defendants. :
_____/

M. J. STEPHEN FOX
FOX & ASSOCIATES
Co-Counsel for Plaintiff
2529 Chatham Woods Drive SE
Grand Rapids, MI 49546
(616) 293-3955

LAWRENCE A. FULLER
FULLER, FULLER & ASSOCIATES, P.A.
Co-Counsel for Plaintiff
12000 Biscayne Boulevard, Suite 502
North Miami, FL 33181
(305) 891-5199
_____/

## COMPLAINT FOR EQUITABLE RELIEF

      Plaintiff, EFREM WALKER, Individually, on his behalf and on behalf of all other individuals similarly situated (sometimes referred to as "Plaintiff"), hereby sues the Defendants, WHITE CASTLE MICHIGAN, LLC, a Michigan Limited Liability Company, and WHITE CASTLE SYSTEM, INC., a Delaware Corporation, d/b/a/ WHITE CASTLE RESTAURANTS (sometimes referred to as " White Castle," "Defendant" or "Defendants"), for Injunctive Relief, and attorney's

fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Plaintiff, Efrem Walker, is an individual residing in Pontiac, MI, in Oakland County.

2. Defendants' properties, White Castle, are located throughout the State of Michigan.

3. Venue is properly located in the Eastern District of Michigan because venue lies in the judicial district of the property situs. The Defendants' properties are located in and do business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

5. Plaintiff Efrem Walker is a Michigan resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Mr. Walker is an individual with spina bifida, and requires the use of a wheelchair to ambulate. Efrem Walker has visited the properties which form the basis of this lawsuit and plans to return to the properties to avail himself of the goods and services offered to the public at the properties. The barriers to access at the properties, which have been encountered by Plaintiff Walker, have made it more difficult for Plaintiff Walker to enter the premises, to eat inside the premises, to get around the premises, to use the restrooms inside the premises, to park in front of the premises, to use the counters, and have denied him the full and equal access to Defendants' restaurants. Mr. Walker travels throughout Michigan to visit family and friends. Mr. Walker frequently visits White Castle restaurants. The Plaintiff has encountered architectural barriers at the subject properties.

6. Defendants own, lease, lease to, or operate places of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104.

2

Defendants are responsible for complying with the obligations of the ADA. The places of public accommodation in Michigan that the Defendants own, operate, lease or lease to are known as White Castle, and are located at:

> WHITE CASTLE
> 12245 23 Mile Road
> Utica, MI  48315
>
> WHITE CASTLE
> 2299 Elizabeth Lake Road
> Waterford Township, MI  48328
>
> WHITE CASTLE
> 2930 John R Road
> Troy, MI  48083

and throughout the State of Michigan at the following locations:

> White Castle
> 21400 Woodward Ave.
> Ferndale MI, 48220
>
> White Castle
> 23000 Telegraph Rd.
> Southfield MI, 48034
>
> White Castle
> 17431 Dix Rd.
> Melvindale MI, 48122
>
> White Castle
> 20090 West Rd.
> Woodhaven MI, 48183
>
> White Castle
> 20703 Gratiot Ave.
> Eastpointe MI, 48021
>
> White Castle
> 24000 Schoolcraft
> Redford MI, 48239
>
> White Castle
> 2115 Fort St.
> Lincoln Park MI, 48146
>
> White Castle
> 20409 James Couzens Fwy.
> Detroit MI, 48235
>
> White Castle
> 28840 Dequindre Rd.
> Warren MI, 48092
>
> White Castle
> 8811 Greenfield Rd.
> Detroit MI, 48228
>
> White Castle
> 6301 W. Warren Ave.
> Detroit MI, 48210
>
> White Castle
> 6711 E. 8 Mile Rd.
> Warren MI, 48091
>
> White Castle
> 1930 Michigan Ave.
> Detroit MI, 48216
>
> White Castle
> 15365 Wyoming Ave.
> Detroit MI, 48238

White Castle
16795 Fort St.
Southgate MI, 48195

White Castle
27760 23 Mile Rd.
Chesterfield MI, 48051

White Castle
3953 Packard Rd.
Ann Arbor MI, 48108

White Castle
31803 Van Dyke Ave.
Warren MI, 48092

White Castle
2226 S. Telegraph Rd.
Dearborn MI, 48124

White Castle
36850 Groesbeck Hwy.
Clinton Twp. MI, 48035

White Castle
28130 W. 8 Mile Rd.
Farmington Hills MI, 48336

White Castle
3832 E. Grand River Ave.
Howell MI, 48843

White Castle
20295 Hall Road
Macomb MI, 48044

White Castle
6364 Woodward Ave..
Detroit MI, 48202

10500 Gratiot Avenue.
Detroit MI, 48213

White Castle
2735 W. Davison St.
Detroit MI, 48238

White Castle
1520 N. Telegraph Rd.
Monroe MI, 48162

White Castle
27325 Ford Rd.
Dearborn Hts. MI, 48127

White Castle
3135 W. 13 Mile Rd.
Royal Oak MI, 48073

White Castle
16737 Harper Ave
Detroit MI, 48224

White Castle
22340 Ecorse Rd.
Taylor MI, 48180

White Castle
4250 Corunna Rd.
Flint MI, 48532

7. Efrem Walker has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to these properties as described but not necessarily limited to the allegations in paragraph 9 of this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation

4

of the ADA by the Defendants. Efrem Walker desires to visit White Castle restaurants, not only to avail himself of the food and beverage available at the properties but to assure himself that the properties are in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the properties without fear of discrimination.

8. The Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

9. The Defendants have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of White Castle restaurants has shown that violations exist. These violations encountered by Plaintiff include, but are not limited to:

**AS TO THE WHITE CASTLE LOCATED AT: 12245 23 Mile Road, Utica, MI**

Scoping Requirements

a. The entrance does not provide compliant directional and informational signage; in violation of section 216.6 of the 2010 Standards.

Accessible Routes

b. There are curb ramps at the facility that are not wholly contained within the marked crossings; in violation of section 406.5 of the 2010 Standards.

General Sites and Building Elements

c. The facility lacks a "Van" designated accessible parking space; in violation of section 208.2.4 and 502 of the 2010 Standards.

d. Some of the signs identifying the designated accessible parking spaces are not mounted 60 inches above the ground to the bottom of the sign in violation of sections 216.5 and 502.6 of the 2010 Standards.

Plumbing Elements and Facilities

    e.    The side grab-bar in the toilet compartment does not comply with the requirements prescribed in sections 604.5 of the 2010 Standards.

    f.    The toilet paper dispenser is not located 12" minimum above the side grab bar; in violation of sections 609.3 of the 2010 Standards.

    g.    There is a storage hook provided that is located out of the prescribed reach ranges, violating section 604.8.3 of the 2010 Standards.

    h.    The baby changing station impedes into the clear floor space of the toilet room; in violation of section 603.2.1 of the 2010 Standards.

    i.    The trash receptacle obstructs the clear floor space to access the hand dryer; in violation of section 305.3 of the 2010 Standards.

Built-In Elements

    j.    There are dining surfaces provided at the facility that do not comply with the standards prescribed in violation of sections 226, 306, 902.1, 902.2 and 902.3 of the 2010 Standards.

**AS TO THE WHITE CASTLE LOCATED AT:  2930 John R. Road, Troy, MI**

Scoping Requirements

    a.    The entrance does not provide compliant directional and informational signage; in violation of section 216.6 of the 2010 Standards.

Building Blocks

    b.    On the accessible route, there are changes in level exceeding ¼ inch that are not beveled; in violation of sections 206.2.2 and 303.3 of the 2010 Standards.

Accessible Routes

    c.    The maneuvering clearance to enter the door to the facility is less than the prescribed minimums; in violation of sections 206.2.4 and 404.2.4 of the 2010 Standards.

General Sites and Building Elements

    d.      The facility lacks a "Van" designated accessible parking space; in violation of section 208.2.4 and 502 of the 2010 Standards.

Plumbing Elements and Facilities

    e.      The side grab-bar in the toilet compartment does not comply with the requirements prescribed in sections 604.5 of the 2010 Standards.

    f.      The toilet paper dispenser is not located 12" minimum above the side grab bar; in violation of sections 609.3 of the 2010 Standards.

    g.      There is a storage hook provided that is located out of the prescribed reach ranges, violating section 604.8.3 of the 2010 Standards.

Built In Elements

    h.      There are dining surfaces provided at the facility that do not comply with the standards prescribed in violation of sections 226, 306, 902.1, 902.2 and 902.3 of the 2010 Standards.

### AS TO THE WHITE CASTLE LOCATED AT:
### 2299 Elizabeth Lake Road, Waterford Township, MI

Scoping Requirements

    a.      There are marked crossing that do not lead to an accessible route. The marked crossings lead from the curb ramps to oncoming traffic; in violation of section 206.2.1 of the 2010 Standards.

    b.      There is not a continuous accessible route connecting all accessible buildings, accessible elements, accessible spaces that are on the same site; in violation of sections 206.2.2 of the 2010 Standards.

Building Blocks

    c.      On the accessible route, there are changes in level exceeding ¼ inch that are not beveled; in violation of sections 206.2.2 and 303.3 of the 2010 Standards.

Accessible Routes

    d.      There are walking surfaces at the facility that contain cross slopes greater than the maximum allowance in violation of section 403.3 of the 2010 Standards.

7

General Sites and Building Elements

  e. The facility lacks a "Van" designated accessible parking space; in violation of section 208.2.4 and 502 of the 2010 Standards.

  f. The designated accessible parking space does not have a sign identifying them as accessible parking; in violation of section 216.5, 502.6 and 703.7.2.1 of the 2010 Standards.

Built In Elements

  g. The Customer Service counter exceeds the maximum height set forth in section 904.4.1 and 904.4.2 of the 2010 Standards.

  10. The foregoing violations also violate the 2004 Revised Americans with Disabilities Act Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as adopted by the U.S. Department of Justice.

  11. The discriminatory violations described in paragraph 9 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' buildings and their facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

8

12. Defendants have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its places of public accommodation or commercial facilities in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continue to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services. The Defendant is in violation of 42 U.S.C. § 12181 et. seq. and 28 CFR 36.302 et. seq., and is discriminating against the Plaintiff by failing to, inter alia:

    A. Provide accessible restrooms.
    B. Provide accessible counters.
    C. Provide doors with the required maneuvering clearances.
    D. Provide toilets with flush control in compliance with the ADAAG.
    E. Provide fixed or built in sitting in compliance with the ADAAG.
    F. Provide accessible elements within reach ranges allowed in the ADAAG.
    G. Provide accessible grab bars in the restrooms.
    H. Provide toilet stall doors that open in compliance with the ADAAG.
    I. Provide a continuous path of travel connecting all essential elements of the facility.
    J. Provide proper handrails in compliance with the ADAAG.
    K. Provide covering for pipes under sinks.
    L. Provide restroom signage mounted in compliance with the ADAAG.
    M. Establish and provide corporate policy to provide a disabled person with

access to an accessible table if it was in use by able bodied persons.

    N.    Modify restrooms to be accessible, by complying with the following:

        i.    accessible path of access thereto;

        ii.    the requisite door widths, offsets, level maneuvering spaces, accessible hardware and opening resistances;

        iii.    identifying signage, with Braille, mounted at the requisite locations;

        iv.    the requisite maneuvering clearances within the restrooms;

        v.    insulate or configure pipes under lavatories to prevent burns or other injuries;

        vi.    provide lavatories with accessible faucets, at the requisite height, and with the requisite knee clearances and maneuvering clearances for accessibility;

        vii.    provide accessible soap, paper towel, toilet seat cover and other dispensers and controls within accessible reach parameters, with the requisite maneuvering clearances in front, and with accessible controls;

        viii.    provide toilet(s) and/or toilet seat(s) at appropriate heights, with compliant grab bars, and with the requisite maneuvering clearances;

        ix.    provide toilet(s) with the flush controls on the wide side of the toilets;

        x.    provide mirrors at the requisite height; and

        xi.    provide toilet paper dispensers mounted in the requisite, accessible locations.

13.    Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendants, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction.

14.    Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

15.    Defendants are required to remove the existing architectural barriers to the physically

disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there have been alterations to Defendants' places of public accommodation since January 26, 1992, then the Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facilities are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendants' facilities were designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants' facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

16. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendants.

17. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendants to alter White Castle restaurants to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facilities until such time as the Defendant cures its violations of the ADA.

18. White Castle restaurants are places of public accommodation and service establishments, and as such must be, but are not, in compliance with the Americans With Disabilities Act ("ADA") and Americans With Disabilities Act Accessible Guidelines ("ADAAG").

19. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the properties and the businesses therein on the basis of his

disability, due to Defendants' properties failing to be in compliance with Title III of the Americans With Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. §12182, et seq., and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

20. The Plaintiff, and others similarly situated, are without adequate remedy at law and are suffering irreparable harm, and reasonably anticipate that they will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the facility, including those set forth herein.

21. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendants to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorneys' fees and costs of maintaining this action.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such

modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: August 27, 2014

Respectfully submitted,

FOX & ASSOCIATES

M. J. Stephen Fox, Esq. (P32456)
Co-Counsel for Plaintiff
2529 Chatham Woods Drive SE
Grand Rapids, MI 49546
(616) 293-3955
(616) 676-5900 - Facsimile
foxlawfirm@aol.com
and
Lawrence A. Fuller, Esq.
Member, Eastern District of Michigan
Co-Counsel for Plaintiff
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 - Facsimile
lfuller@fullerfuller.com